IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs on January 14, 2002

## LORENE NELSON, CO-ADMINISTRATOR v. LUCILLE CAMPBELL, IN RE: ESTATE OF MARTHA MURRAY

**Direct Appeal from the Circuit Court for Roane County**
**No. 11973     Hon. Russell Simmons, Jr., Circuit Judge**

**FILED FEBRUARY 12, 2002**

**No. E2000-02746-COA-R3-CV**

Plaintiff's action was held by the Probate Court to be barred by the equitable doctrine of laches. We dismiss the appeal for failure to file timely notice of appeal.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Charles B. Hill, Kingston, Tennessee, for Appellant.

Browder G. Williams, Harriman, Tennessee, for Appellee.

## OPINION

The Judge of the Probate Court of Roane County dismissed the Petition filed in this Estate case on 6th July, 1999 on ground laches barred the action. On August 5, 1999, the Co-Administrator filed a Notice of Appeal in the Probate Court which stated:

Take notice that the Co-Administrator, Lorene Nelson, does appeal the decision of the Probate Court, which Order was entered on July 6, 1999 to the Circuit Court of Roane County to be tried during the next term of that Court.

The Circuit Court, responding to a Motion to Dismiss the appeal for want of jurisdiction, entered an

Order dismissing the appeal on the 22nd day of December, 1999. On the 21st day of January 2000, the Co-Administrator filed a Notice of Appeal in the Probate Court of Roane County, which stated:

> Take notice that the Co-Administrator, Lorene Nelson, does hereby appeal to the Court of Appeals as it sits in Knoxville, Tennessee, the decision of the Roane County Probate Court, which Order was entered on July 6, 1999 and the decision of the Circuit Court which was entered on the 22nd day of December, 1999.

On appeal, the appellant's brief does not raise any issue as to the Circuit Court's dismissal of the appeal, but addresses the alleged errors committed by the Probate Judge in its decision of July 6th, 1999.

Tennessee Rules of Appellate Procedure, Rule 4, provides in pertinent part:

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the Notice of Appeal required by Rule 3 shall be filed with and received by the Clerk of the Trial Court within 30 days after the date of entry of the Judgment appealed from . . . Tenn. R. App. P. Rule 3 provides that in order to take an appeal as of right, a timely notice must be filed with the Clerk of the Trial Court.

The record contains no timely notice of appeal filed in the Probate Court, appealing to this Court. The Rule requiring the Notice of the Appeal to be filed within 30 days from the date of the final judgment is mandatory and jurisdictional, and non-compliance with the Rule results in dismissal of the appeal. *American Steinwinter Investments Group, ex rel Steinwinter v. American Steinwinter*, 964 S.W.2d 569 (Tenn. Ct. App. 1997).

The appeal is dismissed and the cause remanded, with the cost of the appeal to assessed to Lorene Nelson, co-adminstratrix.

 

 

_____
HERSCHEL PICKENS FRANKS, J.