IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2002 Session

# ARFKEN & ASSOCIATES, P.A. v. SIMPSON BRIDGE COMPANY, INC., ET AL.

### Appeal from the Chancery Court for Bradley County
### No. 94-400      Jerri S. Bryant, Chancellor

### FILED MARCH 26, 2002

### No. E2000-02780-COA-R3-CV

This is an action by an attorney, Alan Arfken,[1] against his former client, Simpson Bridge Company, Inc. ("Simpson Bridge"),[2] seeking to recover additional fees for professional services allegedly rendered by the attorney in defending the client against a sexual harassment suit. Following a bench trial, the court below found that the attorney was not entitled to any fees over and above those already paid. The court dismissed the original complaint. It also dismissed Simpson Bridge's counterclaim, by which the counter-plaintiff sought to recover fees allegedly overpaid by it. The attorney appeals, raising a number of issues. By way of a separate issue, Simpson Bridge argues that the attorney's notice of appeal was not timely filed. Because we agree with the defendant's contention, we find that we are without jurisdiction to hear the attorney's appeal. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. D. MICHAEL SWINEY, J., filed a dissenting opinion.

Jes Beard, Chattanooga, Tennessee, for the appellant, Alan Arfken, successor in interest to Arfken & Associates, P.A.

Robert B. Wilson, III, Cleveland, Tennessee, for the appellee, Simpson Bridge Company, Inc.

### OPINION

---

[1] Arfken testified that he was the successor in interest to the plaintiff, Arfken & Associates, P.A.

[2] John Simpson and Jerry Simpson, principals in the defendant corporation were also sued. Their dismissal by the trial court is not challenged on this appeal.

I.

On May 17, 2000, the trial court entered an order dismissing the plaintiff's complaint against two individual defendants. The order further decreed "that any and all charges [by the plaintiff attorney] from and after August 18, 1993, and above the $198,000.00 bill are hereby deemed unreasonable." That order goes on to tax court costs to the plaintiff; however, the order does not recite formal action on the plaintiff's complaint against Simpson Bridge or the latter's counterclaim.

The trial court's order of May 17, 2000, was followed by the filing of three motions by the plaintiff: a motion to alter or amend judgment; a motion for findings of fact; and a motion to clarify. These motions were timely filed on June 16, 2000.

The record reflects that the plaintiff's motions were heard by the trial court on September 12, 2000, following which, on September 28, 2000, the trial court signed and entered what it denominated a "Final Order" (referred to herein as "the first Final Order"). The first Final Order reiterated the trial court's findings and holdings as set forth in the May 17, 2000, order; expounded upon those findings and holdings; supplemented them; and decreed certain relief, including the dismissal of the entire original complaint and Simpson Bridge's counterclaim. In the first Final Order, the trial court partially granted the motion for findings of fact; it denied the remaining motions.

The record does not contain any pleadings filed by either party after the entry of the first Final Order. The next document in the record is also labeled "Final Order" (referred to herein as "the subsequent Final Order"). It was signed by the trial court on October 2, 2000, and entered of record on October 11, 2000. Curiously, the subsequent Final Order is an exact copy, *i.e.*, the exact wording, spacing, paragraphing, indenting, punctuation, etc., of the first Final Order. A side-by-side comparison of these two documents leads to the inescapable conclusions that one is a photostatic copy of the other. It is clear to the naked eye that the attorneys' signatures on the documents – and both documents contain the signatures of counsel for each of the parties – are precisely identical. It is apparent that one of the documents was signed by counsel and that the signed copy was then photocopied resulting in the two documents under discussion. It is likewise clear that the trial judge signed whichever of the documents is a copy *and* that she also signed, apparently at a different time, whichever is the original document. In other words, it is clear that, unlike the attorneys, her signature was *not* affixed to the original before it was copied. The first Final Order and the subsequent Final Order are attached to this opinion as Appendixes A and B, respectively.

On November 1, 2000, the plaintiff filed his notice of appeal. It purports to be from a "judgment entered October 2, 2000." As can be seen from the above recitation of the facts, neither of the final orders was "entered October 2, 2000." As previously stated, the first Final Order was entered September 28, 2000, while the subsequent Final Order was entered October 11, 2000. It should be noted, however, that the subsequent Final Order was signed by the trial court on October 2, 2000. Thus, it appears that the plaintiff was attempting to refer to the subsequent Final Order.

-3-

II.

A notice of appeal must "be filed with and received by the clerk of the trial court within thirty days after the date of *entry* of the judgment appealed from." Tenn. R. App. P. 3(a) (emphasis added). "*Entry* of a judgment or an order of final disposition is effective when [the] judgment...is marked on the face by the clerk as filed for entry." Tenn. R. Civ. P. 58 (emphasis added).

An appellate court is not authorized to extend the time for filing a notice of appeal. Tenn. R. App. P. 2. By the same token, an appellate court cannot "enlarge the time for filing a notice of appeal prescribed in [Tenn. R. App. P.] 4." Tenn. R. App. P. 21(b).

In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal. ***McGaugh v. Galbreath***, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998); ***American Steinwinter Investor Group v. American Steinwinter, Inc.***, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). If the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal. ***Id***.

III.

In the instant case, the first Final Order was marked filed by the trial court clerk on September 28, 2000. If that is the "judgment or...order of final disposition," *see* Tenn. R. Civ. P. 58, from which the plaintiff is actually appealing, the notice of appeal, having been filed on November 1, 2000 – on the thirty-fourth day after the entry of the first Final Order – was not timely filed and this appeal must be dismissed.

The dissent believes that the notice of appeal was timely filed because it was filed within thirty days of the entry of the subsequent Final Order. The dissent correctly points out that when the subsequent Final Order was marked filed by the trial court clerk – on October 11, 2000 – the trial court still had jurisdiction of this case. Thus, the dissent reasons, the trial court had the authority to enter the subsequent Final Order and we should calculate the time for filing the notice of appeal from that date.

We would agree with the dissent if the subsequent Final Order had changed the first Final Order; but it did not. As we have pointed out, these two documents are identical. The subsequent Final Order changes nothing; it does not even "tweak" the first Final Order. In our judgment, the subsequent Final Order – since it accomplished absolutely nothing that was not already effective by virtue of the first Final Order – is a nullity. The plaintiff is appealing from the first Final Order regardless of what the notice of appeal says.

We do not know how the subsequent final Order came to be filed. We suspect that its execution by the trial court and later filing were due to inadvertence; but regardless of how it happened to become a part of the court record, we find that the filing of the subsequent Final Order is without legal effect. Just because a court has the power to do something – and certainly the trial

-4-

court retained jurisdiction of this case on October 11, 2000 – does not mean that it can accomplish something by doing "nothing."

We find and hold that the notice of appeal in this case, in order to be legally effective, had to have been filed on or before the thirtieth day following the entry of the first Final Order on September 28, 2000. It was not and hence it was not timely filed. It results that this appeal must be dimissed.

IV.

The appeal of Alan Arfken, Jr., as successor in interest to Arfken & Associates, P.A., is hereby dismissed with costs on appeal being taxed to Alan Arfken, Jr., and Arfken & Associates, P.A. This case is remanded for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE