# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 13, 2002 Session

## FRANCES B. JONES EX REL. NELL HAMPTON v. LaFOLLETTE NURSING HOME

### Appeal from the Circuit Court for Campbell County
### No. 11787     Conrad Troutman, Jr., Judge

### FILED FEBRUARY 4, 2003

### No. E2002-01183-COA-R3-CV

---

Frances B. Jones, on behalf of her mother, Nell Hampton, sues LaFollette Nursing Home, alleging Ms. Hampton was entitled to damages for improper care given to her while a resident patient there.[1] The Trial Court granted a summary judgment in favor of the Nursing Home upon finding that Ms. Hampton's claim was barred by the applicable statutes of limitations and that she introduced no proof to rebut the Nursing Home's proof that they met the appropriate standard of care in ministering to Ms. Hampton. We dismiss the appeal.

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Dismissed; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Frances B. Jones, *Pro Se*[2]

W. Mitchell Cramer, Knoxville, Tennessee, for the Appellee, LaFollette Nursing Home

## OPINION

---

[1]    It does not appear from the record that Ms. Hampton is incompetent, and we question whether her daughter may pursue a claim on her behalf. However, because no question is raised as to this, we will notice it no further.

[2]    Ms. Hampton was represented at trial by counsel, who subsequently withdrew as such by notice dated November 20, 2001, and filed on November 26, 2001. Her counsel presumably would have been in a position to advise Ms. Jones how to proceed at any time within the 30-day period allowed under Tenn.R.App.P. 4 for an appeal.

Post-oral argument in this Court, Ms. Jones filed a motion seeking to supplement her oral argument on behalf of her mother. We grant the motion insofar as the record sustains the facts contained therein.

The order by the Trial Court dismissing Ms. Hampton's suit was entered on October 10, 2001. Thereafter, Ms. Jones requested an additional 30 days "in which to appeal the above cause or take other appropriate action." Responding to the motion, the Trial Court granted Ms. until December 6, 2001, "to determine how to proceed in this case." On November 26, 2001, Ms. Jones requested an additional 30 days within which "to appeal the above cause or take other appropriate action." The second request for additional time was denied by order of the Trial Court filed on May 2, 2002, whereupon a notice of appeal was filed on May 17, 2002, which purports to appeal the judgment denying the second request for additional time filed on May 2, 2002.

Under Tennessee jurisprudence the 30-day period set out in Tenn.R.App.P. 4 is mandatory and jurisdictional. *American Steinwinter v. American Steinwinter*, 964 S.W.2d 569 (Tenn. Ct. App. 1997).

In light of the foregoing, we dismiss the appeal and remand the case for collection of costs below. Costs of appeal are adjudged against Ms. Jones and Ms. Hampton.

 

_____
HOUSTON M. GODDARD, PRESIDING JUDGE