IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2003

## RONALD KEITH LOINES, JR. v. KIMBERLY LOINES

**Appeal from the Circuit Court for Hamilton County**
**No. 02D1566     Samuel H. Payne, Judge**

### FILED NOVEMBER 25, 2003

### No. E2003-00526-COA-R3-CV

---

In this divorce case, the trial court awarded Ronald Keith Loines, Jr. ("Husband") a divorce from Kimberly Loines ("Wife") by judgment entered January 14, 2003. Wife filed her notice of appeal on February 25, 2003. Because the notice of appeal was not filed within 30 days of the entry of the judgment of divorce, we are without jurisdiction to consider the issues raised by Wife. Accordingly, Wife's appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Kimberly Loines, appellant, Pro Se.

Brian M. House, Ringgold, Georgia, for the appellee, Ronald Keith Loines, Jr.

### OPINION

The record before us consists of, among other documents, (1) Husband's original complaint; (2) Wife's answer; (3) Husband's motion to set the case for hearing; (4) the trial court's order setting the case for hearing on January 14, 2003; (5) a "final decree of divorce" entered January 14, 2003, reflecting a hearing on that date, and noting that "[t]he defendant ha[d] failed to appear;" and (6) a notice of appeal filed February 25, 2003. The pleadings filed by Husband following the filing of Wife's answer, the order setting the case for hearing, and the final decree of divorce all reflect service on Wife at "Sun Box 43954, Tucson Arizona 85733." This is the same address reflected by Wife on her brief filed *pro se*.

A notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; . . . ." Tenn. R. App. P. 4(a). While Tenn. R. App. P. 2 provides that an appellate court may suspend the requirements of the Rules of Appellate Procedure, that rule does "not permit the extension of time for filing a notice of appeal."

Tenn. R. App. P. 2. By the same token, the extension of time provisions of Tenn. R. App. P. 21(b) clearly provide that "the court may not enlarge the time for filing a notice of appeal." Tenn. R. App. P. 21(b).

The 30-day "time limit is mandatory and jurisdictional in civil cases." ***Jefferson v. Pneumo Servs. Corp.***, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985); *see also* ***American Steinwinter Investor Group v. American Steinwinter, Inc.***, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997).

We have no appellate jurisdiction to consider the issues raised by Wife. Accordingly, this appeal is dismissed. Costs on appeal are taxed to Kimberly Loines. This case is remanded to the trial court for enforcement of that court's judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE