IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 21, 2004 Session

## JULIA V. LEE and ROBERT JOE LEE v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission, Eastern Grand Division**
**Claim No. 20201624      Hon. Vance W. Cheek, Jr., Commissioner**

**No. E2004-00851-COA-R3-CV  - FILED DECEMBER 22, 2004**

The Commissioner entered Judgment for plaintiffs and defendant has appealed.  Defendant failed to perfect its appeal by not filing a timely notice of appeal.

**Tenn. R. App. P.3 Appeal as of Right; Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Ronald C. Leadbetter, Knoxville, Tennessee, for Appellant.

Charles C. Burks, Knoxville, Tennessee, for Appellees.

### OPINION

In this action, the defendant appeals the Commissioner's Judgment awarding plaintiff, Julia Lee, $34,000.00 in damages for personal injuries she sustained on the Knoxville campus of the University of Tennessee.  Lee filed a Complaint alleging that she fell while walking on campus on April 30, 2001, and sustained injuries to her knee. Lee, a student at the University, was walking near Stokely Management Center when she tripped and fell on an uneven sidewalk. She alleged the sidewalk was negligently designed and/or maintained.

A trial was held on January 21, 2004, and the Commissioner found the State was liable and awarded Lee damages of $34,000.00.  The Commissioner's Judgment was filed on February 26, 2004, and the State filed a Notice of Appeal with the Commission on April 1, 2004. The State's appeal takes issue with the propriety of the Commissioner's Judgment, but the appeal

was not timely perfected.

Tenn. Code Ann. §9-8-403(a)(1) states:

The decisions of the individual commissioners or, when rendered, decisions of the entire commission regarding claims on the regular docket may be appealed to the Tennessee court of appeals pursuant to the same rules of appellate procedure which govern interlocutory appeals and appeals from final judgments in trial court civil actions . . .

Tenn. R. App. P. 4 requires that the Notice of Appeal "shall be filed with and received by the clerk of the court within 30 days after the entry of the judgment appealed from. . . ."

The record shows on its face that the State's Notice of Appeal was not timely filed with the Commission.

The 30 day rule for notices of appeal is mandatory and jurisdictional, and appeals perfected more than 30 days from the date of final judgments must be dismissed. *American Steinwinter Investor Group, ex rel American Steinwinter, Inc., v. American Steinwinter, Inc., ,* 964 S.W.2d 569 (Tenn. Ct. App. 1997). Accordingly, we dismiss the appeal and assess the costs against the State.

_____
HERSCHEL PICKENS FRANKS, P.J.