# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## O'RANE M. CORNISH, SR. v. STEVEN C. COOPER, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT00341210     Robert L. Childers, Judge**

**No. W2012-00264-COA-R3-CV - Filed July 23, 2012**

Appellant filed his Notice of Appeal one day past the deadline imposed by Rule 4 of the Tennessee Rules of Appellate Procedure. Accordingly, this Court lacks jurisdiction and we must dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J., ALAN E. HIGHERS, P.J. W.S., and J. STEVEN STAFFORD, J.

O'Rane Mansolin Cornish, Sr., Memphis, Tennessee, self represented

Rex L. Brasher, Jr., Memphis, Tennessee, for the appellee, Steven Craig Cooper

## MEMORANDUM OPINION[1]

By Order entered on February 9, 2012, this Court directed the *pro se* appellant, O'Rane M. Cornish, Sr., to either post a proper bond or else show cause why this appeal should not be dismissed for failure to file a bond for costs within ten (10) days from the entry of that Order. On February 10, 2012, Appellees Steven C. Cooper, individually, and Entertainment USA, Inc., d/b/a 777 Memphis, Inc., f/k/a DeJa Vue, d/b/a sic The Gold Club, filed a motion requesting that the Court dismiss this appeal and alleged that: (1) Appellant failed to timely

---

[1]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

file the notice of appeal; (2) Appellant failed to serve a copy of the notice of appeal on Appellees; and (3) Appellant failed to post a proper bond for costs on appeal. Appellant filed a response to the motion on February 22, 2012, and also posted a proper bond for appellate costs on that same date.

The Court entered an order on March 28, 2012, noting that Appellant had cured the defect of failure to post a bond and therefore we declined to dismiss the appeal as to that ground. In his response, however, Appellant maintained that he mailed a copy of the notice of appeal to Appellees' counsel on the same date he filed the notice of appeal and that the mail parcel had never been returned to him. Consequently, he assumed that the parcel was delivered. Rule 5(a) of the Tennessee Rules of appellate Procedure provides, in pertinent part:

> Not later than 7 days after filing the notice of appeal, the appellant in a civil action shall serve a copy of the notice of appeal on counsel of record for each party or, if a party is not represented by counsel, on the party. Proof of service in the manner provided in Rule 20(d) shall be filed with the clerk of the trial court within 7 days after service. The appellant shall note on each copy served the date on which the notice of appeal was filed. Service shall be sufficient notwithstanding the death of a party or counsel.

Tenn. R. A. P. 5(a). Rule 5(a) is not jurisdictional and may be suspended upon a showing of good cause for suspension of the rule. *See Keith v. Regas Real Estate Company*, No. E2011-00337-COA-R3-CV, 2011 WL 6009625, at *2 (Tenn. Ct. App. Dec. 2, 2011); *see also* Tenn. R. A. P. 2. Because the parties dispute whether or not Appellant complied with Rule 5(a) of the Tennessee Rules of Appellate Procedure, the Court declined to dismiss this appeal on that basis. Accordingly, in our order of March 28, 2012, we denied Appellee's motion to dismiss on the basis of failure to comply with Rule 5(a) of the Tennessee Rules of Appellate Procedure.

We determined in our order of March 28, 2012, however, that Appellant failed to timely file the notice of appeal pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure. Generally, a notice of appeal must be filed within thirty days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

Appellant maintained in his response to the motion to dismiss that the notice of appeal was timely filed on January 27, 2012. Clearly, however, Appellant filed his notice of appeal one day after the expiration of time permitted by Rule 4 of the Tennessee Rules of Appellate Procedure. The final order in this matter was entered on December 27, 2011, and there is no indication that any of the motions listed in Rule 4(b) were timely filed. Thus, the Appellant's notice of appeal should have been filed within thirty days after December 27, 2011, *i.e.*, Thursday, January 26, 2011. *See* Tenn. R. App. P. 4(a); *see also* Tenn. R. App. P. 21(a). Appellant, however, did not file a notice of appeal until January 27, 2012, and January 27, 2012, is more than thirty days after December 27, 2011.

In our order of March 28, 2012, we directed Appellant to show cause within ten days of the entry of that order why this appeal should not be dismissed for failure to timely file the notice of appeal. Our Order of March 28, 2012 also provided "[f]ailure to respond to this Order within the time provided herein could result in dismissal of this appeal without further notice." On that same date, the clerk of this Court transmitted a copy of our order to Appellant by certified mail, return receipt requested. Later, the clerk received the return receipt indicating that Appellant received the mail parcel on April 13, 2012. As of this date, however, Appellant has not responded to our order of March 28, 2012.

The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. ***Albert v. Frye***, 145 S.W.3d 526, 528 (Tenn. 2004); ***Binkley v. Medling***, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court for either waiving or extending that time period. *See* Tenn. R. App. P. 2 and 21(b). Thus, the failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the matter and, therefore, this appeal must be dismissed.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the Appellant, O'Rane Mansolin Cornish, Sr., for which execution may issue if necessary.

## PER CURIAM