FILED

08/21/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 1, 2017 Session

IN RE DAE'JRIEN T.

Appeal from the Chancery Court for Loudon County
No. 12338    Frank V. Williams, Chancellor

No. E2017-00051-COA-R3-PT

This is an appeal from a final decree of adoption following the entry of an order terminating the parental rights of the appellant to her minor child. The only notice of appeal filed by the appellant within the time provided by Tennessee Rule of Appellate Procedure 4(a) for the filing of a notice of appeal did not comply with Tennessee Code Annotated § 36-1-124(d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Because this notice of appeal was insufficient to invoke the jurisdiction of this Court, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Allison M. Rehn, Harriman, Tennessee, for the appellant, Natosha D.

S. Dawn Coppock, Strawberry Plains, Tennessee, for the appellees, Patrick and Kris T.

Amanda P. Jarret, Powell, Tennessee, Guardian Ad Litem.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to Tennessee Rule of Appellate Procedure 13(b) and based upon the jurisdictional question acknowledged by the appellees in their responsive brief, this Court reviewed the record for this appeal after briefing was complete to determine whether subject matter jurisdiction existed to hear this appeal. In *In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *3-4 (Tenn. Ct. App. July 11, 2017), this Court recently clarified that an appellant's failure to sign the notice of appeal in a termination of parental rights case in accordance with Tennessee Code Annotated § 36-1-124(d) deprives this Court of jurisdiction. *See also In re Nevaeh B.*, No. W2016-01769-COA-R3-PT, slip op. at 2-3 (Tenn. Ct. App. Aug. 14, 2017); *In re Jayden R.*, No. M2016-02336-COA-R3-PT, 2017 WL 3469708, at *3-4 (Tenn. Ct. App. Aug. 11, 2017); *In re Mya V.*, No. M2016-02401-COA-R3-PT, 2017 WL 3209181, at *3 (Tenn. Ct. App. July 28, 2017).

Based upon the decision in *In re Gabrielle W.*, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. In her response to the show cause order, counsel for the appellant requests that this Court consider the amended notice of appeal filed on February 17, 2017, as having been sufficient to invoke this Court's jurisdiction. While acknowledging that this Court recently held in *In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017 WL 3141825, at *3 (Tenn. Ct. App. July 24, 2017), that "an untimely filed amended notice of appeal in compliance with [the statute] is not sufficient to confer jurisdiction on this Court," counsel nevertheless asks this Court to consider and adopt the rationale of the decision in *In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), in order to allow this case to proceed. Counsel further argues that the dismissal of this appeal based upon the defect in the initial notice of appeal would be the "result of ineffective assistance of counsel" and would interfere with a fundamental right otherwise provided for by law, namely, a parent's fundamental liberty interest in the care, custody, and control of his or her children. *See generally In re Carrington H.*, 483 S.W.3d 507, 522 (Tenn. 2016). We find counsel's arguments unavailing.

The final decree of adoption in this case was entered on December 21, 2016. The initial notice of appeal was filed by counsel for the appellant on January 3, 2017, without the appellant's signature. Upon being promptly notified by this Court of the statutory defect in the notice of appeal, counsel for the appellant did not file an amended notice of appeal signed by the appellant until February 17, 2017. Notwithstanding counsel's request that we adopt the reasoning of the Supreme Court of Indiana in *In re Adoption of O.R.*, we determine *In re Catherine J.* to be directly on point and are persuaded by the rationale set forth by this Court in that decision. *See Ottinger v. Stooksbury*, 206 S.W.3d 73, 79 (Tenn. Ct. App. 2006) (stating that Tennessee courts can consider out-of-state case law only "in the absence of Tennessee case law directly on point").

Moreover, to the extent counsel for the appellant is arguing that this appeal should be allowed to proceed because the jurisdictional defect in the initial notice of appeal resulted from the provision of ineffective assistance by court-appointed trial counsel, we note that we must have jurisdiction over this appeal as of right in the first instance in order to entertain any claim based upon the ineffective assistance of appointed trial counsel. *See In re Carrington H.*, 483 S.W.3d at 535 ("[W]e decline to hold that securing the constitutional right of parents to fundamentally fair procedures requires adoption of an additional procedure, subsequent to or separate from an appeal as of right, by which parents may attack the judgment terminating parental rights based upon ineffective assistance of appointed counsel."). In other words, if a notice of appeal is not timely, this Court is not at liberty to waive the procedural defect. *See* Tenn. R. App. P. 2; *Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This is true even in a termination of parental rights case where there are fundamental constitutional rights at stake. *See, e.g.*, *In re Jayden B.-H.*, No. E2013-00873-COA-R3-PT; 2013 WL 4505389, at * 1 (Tenn. Ct. App. Aug. 21, 2013).

Because neither the initial notice of appeal nor the amended notice of appeal in this case was sufficient to invoke this Court's jurisdiction within the time provided in Tennessee Rule of Appellate Procedure 4(a), we lack jurisdiction to consider this appeal.[2] This case is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

PER CURIAM

---

[2]Effective July 1, 2017, Rule 4(a) was amended to require that notices of appeal be filed with the appellate court clerk rather than the trial court clerk. The amendment has no impact on the outcome of this case because the thirty-day time limit for filing a notice of appeal pursuant to the rule was not changed.

3