IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## IN RE KAMILAH A.

**Appeal from the Chancery Court for Fayette County**
**No. AD-324  Kasey Culbreath, Judge**

_____

### No. W2025-00517-COA-R3-PT

_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.

J. STEVEN STAFFORD, P.J., W.S.; CARMA DENNIS MCGEE, J.; VALERIE L. SMITH, J.

Leslie A. Miller, Somerville, Tennessee, for the appellant, Willie Ellison.

Lanis L. Karnes, Jackson, Tennessee, for the appellees, Donnie Owen, Jr., and Abigail Owen.

### MEMORANDUM OPINION[1]

Appellant, Willie Ellison, initiated this matter on April 14, 2025, by filing a Notice of Appeal in which he indicated that he was appealing the final judgment entered on March 10, 2025, by the Fayette County Chancery Court.

After the Notice of Appeal was filed, the Clerk of this Court received from the trial court clerk a certified copy of the trial court's March 10, 2025 Order on Petition for Termination of Parental Rights of Willie Ellison. Generally, a notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This requirement may

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

not be waived. *Am. Steinwinter Inv. Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.* Appellant's Notice of Appeal was not filed until April 14, 2025, which is more than thirty (30) days after March 10, 2025.

On April 16, 2025, this Court entered an Order directing Appellant to "within ten (10) days of the entry of this Order, show cause why this appeal should not be dismissed for failure to timely file a notice of appeal." Appellant did not respond, so this Court entered a second Show Cause Order on May 15, 2025, permitting Appellant "a **final opportunity** to respond . . . within ten (10) days of the entry of this Order." The Order further warned: "If Appellant fails to properly respond to this Order within the time provided herein, the appeal **shall be dismissed without further notice, with costs taxed to Appellant**."

Rather than file a response to this Court's Orders, on June 9, 2025, Leslie A. Miller, counsel for Appellant, filed a motion to withdraw as counsel, citing counsel's significant health issues. The motion was not accompanied by a memorandum of law, an affidavit, or a statement as to whether opposing counsel was contacted concerning his or her opposition to the motion. *See generally* Tenn. R. App. P. 22. The motion did not address this Court's concern about the timeliness of Appellant's notice of appeal.

Based on our review of the foregoing, we determine that this Court does not have subject matter jurisdiction over this matter because Appellant's Notice of Appeal was not timely filed. Therefore, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Willie Ellison, for which execution may issue, if necessary. In light of the dismissal, Attorney Miller's motion to withdraw is respectfully denied.[2]

PER CURIAM

---

[2] Nothing herein shall be viewed as preventing Attorney Miller from requesting, in the trial court, leave to withdraw to permit appointment of a new attorney such that a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure could be filed in this matter. *See generally In re Raylan W.*, No. M2020-00102-COA-R3-PT, 2020 WL 4919797, at *5–10 (Tenn. Ct. App. Aug. 20, 2020) (permitting the use of Rule 60.02 as a limited "escape valve" to prevent injustice when a notice of appeal was untimely filed due to excusable neglect).