# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on April 24, 2013


## IN RE: DAKOTA D., ET AL.


**Appeal from the Circuit Court for Anderson County**
**No. B2LA0237      William E. Lantrip, Chancellor**

---

**No. E2013-00229-COA-R3-JV-FILED-APRIL 24, 2013**

---


The order from which the appellant, Charlie D., seeks to appeal was entered on November 30, 2012. The Notice of Appeal was filed on January 4, 2013, more than thirty (30) days from the date of entry of the November 30, 2012 order. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.


**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**


THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., P.J., AND D. MICHAEL SWINEY, J.

Kevin D. Angel, Oak Ridge, Tennessee, for the appellant, Charlie D.

Robert E. Cooper, Jr., Attorney General and Reporter, and Derek C. Jumper, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Timothy G. Elrod, Knoxville, Tennessee, Guardian Ad Litem.

**MEMORANDUM OPINION**[1]

By order entered on March 28, 2013, this Court directed the appellant to show cause why this appeal should not be dismissed "as having been untimely filed." In response to that order, counsel for the appellant filed a motion asking this Court to find "good cause" for the late filing of the Notice of Appeal. The motion is supported by an affidavit from counsel and other documents seeking to demonstrate that the Notice of Appeal was filed "less than a week" after counsel became aware of the entry of the final order to which the Notice of Appeal was directed. The motion does not dispute that the final order was entered on November 30, 2012, or that the Notice of Appeal was not filed until January 4, 2013.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a Notice of Appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Because the Notice of Appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Charlie D., for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.