IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on May 19, 2014


**DANIEL H. JONES v. ROBERT H. MONTGOMERY, JR., ET AL.**


**Appeal from the Circuit Court for Sullivan County**
**No. C3610      John S. McLellan, III, Judge**

---

**No. E2014-00811-COA-R3-CV-FILED-MAY 19, 2014**

---

The order from which the *pro se* incarcerated appellant seeks to appeal was entered on December 13, 2013. The Notice of Appeal was filed more than thirty (30) days from the date of entry of the December 13, 2013 order, even considering the date upon which the appellant placed the Notice of Appeal in the mail for filing with the trial court clerk (February 28, 2014). See Tenn. R. App. P. 20(g). Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**


CHARLES D. SUSANO, JR., C.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Daniel H. Jones, Only, Tennessee, appellant, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter, and Laura Miller, Assistant Attorney General, Civil Rights and Claims Division, Nashville, Tennessee, for the appellees, Robert H. Montgomery, Jr., Kent L. Chitwood, and Gregory W. Francisco.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Before transmission of the record for this appeal, the appellant filed a motion seeking an "enlargement of time" for the filing of the Notice of Appeal from the order of dismissal entered on December 13, 2013. In the motion, he argues that he never received a copy of the December 13, 2013 order due to "clerical malfeasance." The appellant also appears to be taking the position in his motion that no order of dismissal was entered on December 13, 2013. However, the record transmitted for this appeal includes the order of dismissal, which was entered on December 13, 2013.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a Notice of Appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The fact that the appellant may not have received a copy of the order of dismissal after entry does not affect the finality of the order, which was entered in accordance with Rule 58(2) of the Rules of Civil Procedure, or the running of the time for filing a notice of appeal. See Tenn. R. Civ. P. 58, Advisory Comm'n Comment to 2005 Amendment ("The request and mailing, or failure to mail, do not affect the time for filing . . . a notice of appeal.").

Because the Notice of Appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Daniel H. Jones, for which execution may issue if necessary.

**PER CURIAM**