IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on September 9, 2015

## TREAVOR E. WARREN v. MARGIE H. WARREN

**Appeal from the Chancery Court for Johnson County**
**No. 6920      John C. Rambo, Chancellor**

---

### No. E2015-00471-COA-R3-CV-FILED-SEPTEMBER 9, 2015

---

The Final Decree of Divorce from which the *pro se* incarcerated appellant, Treavor E. Warren, seeks to appeal was entered on December 19, 2014. The Notice of Appeal was not timely filed even if the date affixed to the Notice by the appellant (January 30, 2015) is considered. *See* Tenn. R. App. P. 20(g). Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., C.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Treavor E. Warren, Mountain City, Tennessee, appellant, *pro se.*

K.D. Johnson, Mountain City, Tennessee, for the appellee, Margie H. Warren.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Rules of Appellate Procedure, we reviewed the record at the time of transmission to determine whether the Court had jurisdiction to consider this appeal. After it appeared that the Court did not have jurisdiction

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

by virtue of the appellant not having timely invoked our jurisdiction, the Court directed the appellant to show cause why this appeal should not be dismissed. The appellant has filed a response arguing, in relevant part, that the Clerk and Master did not send him a copy of the Final Decree of Divorce after entry. However, the appellant acknowledges in his response that he received a copy of the proposed Final Decree of Divorce from opposing counsel on December 23, 2014, prior to its entry by the Chancellor. The appellant argues that "the Notice of Appeal is not jurisdictional" and asks this Court to waive its filing pursuant to Rule 4 of the Rules of Appellate Procedure.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Contrary to the position taken by the appellant in his response, "[t]he thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Rule 4(a) of the Rules of Appellate Procedure states that a notice of appeal is not jurisdictional only in "criminal cases." If a Notice of Appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The fact that the appellant may not have received a copy of the Final Decree of Divorce after entry does not affect the finality of the judgment, which was entered in accordance with Rule 58(2) of the Rules of Civil Procedure, nor does it affect the running of the time for filing a notice of appeal. *See* Tenn. R. Civ. P. 58, *Advisory Comm'n Comment to 2005 Amendment* ("The request and mailing, or failure to mail, do not affect the time for filing . . . a notice of appeal.").

Because the Notice of Appeal in this case was not timely filed, we lack jurisdiction to consider the appeal. This appeal is dismissed, and all pending motions are rendered moot by this disposition. Costs on appeal are taxed to the appellant, Treavor E. Warren, for which execution may issue if necessary.

**PER CURIAM**