FILED

11/27/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 1, 2018 Session

## R. S. BLAIR SCHIEVELHUD ET AL. v. E. L. PARKER, III ET AL.

**Appeal from the Chancery Court for McMinn County**
**No. 2015-CV-160    David R. Duggan, Judge**

_____

### No. E2018-01926-COA-R3-CV

_____

This is an appeal from a final order dismissing a civil action on grounds that the proceeding was barred by the running of the applicable statute of limitations. The final order of dismissal was entered on August 27, 2018. The Notice of Appeal was not filed with the Appellate Court Clerk until October 23, 2018. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Dianna C. Blair, Reliance, Tennessee, appellant, *pro se*.[1]

Chessia A. Cox, Athens, Tennessee, for the appellee, E. L. Parker, III.

No appearance by or on behalf of the appellee, Linda Crumbley Carney.

### MEMORANDUM OPINION[2]

_____

[1] Ms. Blair attempted to file the Notice of Appeal on behalf of herself and R. S. Schievelhud; however, the Notice of Appeal was signed only by Ms. Blair. Ms. Schievelhud subsequently filed a motion to remove her name from this appeal. We grant the motion.

[2] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The appellant accompanied her Notice of Appeal with a letter explaining that she was initially misinformed by the Trial Court Clerk as to where she should file her Notice of Appeal. She indicates in her letter that she submitted her Notice of Appeal to the Trial Court Clerk on September 18, 2018, only to have it returned with instructions that it must be filed with the Appellate Court Clerk. The appellant states in her letter that these circumstances caused her Notice of Appeal to be filed late with the Appellate Court Clerk.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). At the time the appellant initially submitted her Notice of Appeal to the Trial Court Clerk, the one year transitional provision to the 2017 amendment to Rule 4(a), which changed the filing location of a notice of appeal, was no longer in effect. *See* Tenn. R. App. P. 4(a), *Transitional Provision*. Under the transitional provision, if a party attempted to file a notice of appeal with the trial court clerk within the original thirty day period, the party attempting the filing was allowed an additional twenty days within which to file the notice with the appellate court clerk. *See id.* However, the appellant's first attempted filing of the Notice of Appeal in this case occurred after expiration of the transitional provision. If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Because the Notice of Appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Dianna C. Blair, for which execution may issue if necessary.[3]

**PER CURIAM**

---

[3]We note that Ms. Blair filed a Uniform Civil Affidavit of Indigency with her Notice of Appeal. However, Ms. Blair's alleged indigency does not relieve her from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court").