IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2018 Session

## CITY OF CHATTANOOGA, TENNESSEE v. BASIL MARCEAUX

### Appeal from the Circuit Court for Hamilton County
### No. 17C973        Kyle E. Hedrick, Judge

### No. E2018-00821-COA-R3-CV

The Notice of Appeal in this case was filed with the Appellate Court Clerk on May 7, 2018, more than thirty (30) days after the April 4, 2018 date of entry of the only order in the record from which the appellant could be appealing. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, CHARLES D. SUSANO, JR., AND THOMAS R. FRIERSON, II, JJ.

Basil Marceaux, Soddy Daisy, Tennessee, appellant, *pro se.*

Phillip A. Noblett and Keith J. Reisman, Chattanooga, Tennessee, for the appellee, City of Chattanooga, Tennessee.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Rules of Appellate Procedure, we reviewed the record at the time of transmission to determine whether the Court had jurisdiction to consider this appeal. After it appeared that the Court did not have jurisdiction by virtue of the appellant not having timely invoked our jurisdiction, the Court

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

directed the appellant to show cause why this appeal should not be dismissed. The appellant filed a response arguing, among other things not relevant to the disposition of this appeal, that he timely filed the Notice of Appeal because Sundays and holidays are not counted in the number of days provided for the filing of a notice of appeal, and that there is no provision in the Tennessee Rules of Appellate Procedure for when an appeal should be filed "where the appeal is both civil and criminal." The appellee filed a reply to the appellant's response refuting his computation of time argument based upon the plain language of Rule 21(a) of the Tennessee Rules of Appellate Procedure.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Contrary to the position taken by the appellant in his response, there is no evidence in this case that this appeal is "both civil and criminal." It is settled law in this state "that proceedings for a municipal ordinance violation are civil in nature, at least in terms of technical application of procedure and for pursuing avenues of appeal." *City of Chattanooga v. Davis*, 54 S.W.3d 248, 259 (Tenn. 2001); *see also City of Chattanooga v. Myers*, 787 S.W.2d 921, 922 (Tenn. 1990) ("An appeal for the violation of a municipal ordinance is a civil action, triable *de novo* in the circuit court in precisely the same manner and under the same procedural rules as those governing tort actions instituted in the General Session Courts. . . ."). Because the proceedings below were civil in nature, "[t]he thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). We also agree with the appellee that the appellant's computation of time argument should be rejected based upon a plain reading of Rule 21(a) of the Tennessee Rules of Appellate Procedure.

Because the Notice of Appeal in this case was not timely filed, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Basil Marceaux, for which execution may issue if necessary.

**PER CURIAM**

2