FILED

02/14/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 1, 2018 Session

**TRAVIS HEWITT ET AL. v. KARIN MCCLAIN**

**Appeal from the Chancery Court for Knox County**
**No. 192210-2    Clarence E. Pridemore, Jr., Chancellor**

_____

**No. E2018-02170-COA-R3-CV**
_____

The *pro se* appellants, Travis Hewitt and Dustin Hewitt, seek to appeal from a final order entered on October 17, 2018. The Notice of Appeal was not filed until December 3, 2018, more than thirty (30) days from the date of entry of the final order. The appellants accompanied their Notice of Appeal with a motion asking this Court to accept the late-filed notice as having been timely filed. The appellee, Karin McClain, filed a motion to dismiss this appeal arguing, in part, that the Notice of Appeal was not timely filed.[1] Because it appears from all the pleadings filed in this case that the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and no discretion to waive the filing of a timely Notice of Appeal pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J., CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ.

Travis Hewitt, Knoxville, Tennessee, appellant, *pro se*.

Dustin Hewitt, Knoxville, Tennessee, appellant, *pro se*.

Harold C. Wimberly, Knoxville, Tennessee, for the appellee.

_____

[1]The appellee also argued in her motion that both the Notice of Appeal and the accompanying motion should be "deemed defective" because they were signed only by Lynne Hewitt "on behalf of" the appellants. However, given that there was no timely invocation of this Court's jurisdiction, we do not specifically address in this opinion the alternative argument advanced in support of the appellee's motion.

## MEMORANDUM OPINION[2]

A notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect pursuant to Rule 4(a) and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). As such, the appellants' request to have this Court accept the late-filed notice as having been timely filed is not well-taken.

Because the Notice of Appeal in this case was not timely filed, we lack jurisdiction to consider this appeal. The motion to dismiss is granted with regard to the argument that the Notice of Appeal was not timely filed and this appeal is dismissed. Costs on appeal are taxed to the appellants, for which execution may issue if necessary.[3]

**PER CURIAM**

---

[2]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3]We note that a Uniform Civil Affidavit of Indigency was filed on behalf of one of the appellants. However, that appellant's alleged indigency would not relieve him from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court").