FILED
05/23/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 9, 2019 Session

## STACY RENEE CARTER v. ANTONIO ELMORE CARTER

**Appeal from the Circuit Court for Blount County**
**No. E-26064   Tammy M. Harrington, Judge**

### No. E2019-00655-COA-R3-CV

This is an appeal from a final order in the parties' divorce proceeding entered on April 18, 2017. The Notice of Appeal, filed with the Appellate Court Clerk on April 16, 2019, was accompanied by a motion seeking leave to file it late, presumably pursuant to certain provisions in Rule 4(a) of the Tennessee Rules of Appellate Procedure. Because the Notice of Appeal was not timely filed, and because there is no authority in Rule 4(a) for a waiver of the timely filing of a Notice of Appeal in a civil case, we do not have jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

Antonio Elmore Carter, Knoxville, Tennessee, appellant, *pro se*.

Stacy Renee Carter, Maryville, Tennessee, appellee, *pro se*.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the Notice of Appeal and accompanying documents submitted

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

by the appellant, Antonio Elmore Carter, at the outset of this proceeding to determine whether the Court had jurisdiction to consider this appeal. The arguments presented by the appellant in support of his motion seeking leave to file the Notice of Appeal late appear to pertain more to the issues he anticipates raising on appeal, rather than to why his Notice of Appeal was filed almost two years after entry of the judgment on appeal.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). While Rule 4(a) contains language indicating that a notice of appeal "is not jurisdictional" in a criminal case such that "the timely filing of such document may be waived in the interest of justice," Tenn. R. App. P. 4(a), these provisions have no applicability in a civil appeal. If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

As such, the appellant's motion seeking leave to file his Notice of Appeal late is denied and this appeal is dismissed. Costs on appeal are taxed to the appellant, Antonio Elmore Carter, for which execution may issue if necessary.[2]

**PER CURIAM**

---

[2]We note that the appellant failed to pay any of the court costs associated with this appeal at the time he filed the Notice of Appeal, and that an order was entered on May 8, 2019, directing him to pay these costs or face dismissal of the appeal based upon his non-payment. The dismissal of this appeal for the reasons articulated in this opinion does not relieve the appellant from his obligation to pay all court costs associated with this proceeding.