IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 29, 2023 Session

**KIMBERLY ANN KING v. JACKIE LEE KING, JR.**

**Appeal from the Circuit Court for Bradley County**
**No. V-22-516**

_____

**No. E2023-00504-COA-R3-CV**

_____

This is an appeal from a final order entered on March 6, 2023. The Notice of Appeal was not filed with the Appellate Court Clerk until April 6, 2023, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

H. Franklin Chancey and Rachel Fisher-Queen, Cleveland, Tennessee, for the appellant, Jackie Lee King, Jr.

Joshua H. Jenne, Cleveland, Tennessee, for the appellee, Kimberly Ann King.

**MEMORANDUM OPINION**[1]

It is undisputed that the Bradley County Circuit Court ("Trial Court") entered its Final Decree of Divorce on March 6, 2023. It is further undisputed that following the Trial

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Court's judgment, the appellant, Jackie Lee King, Jr. ("Appellant"), filed a Notice of Appeal with this Court on April 6, 2023, which is more than thirty days following entry of the Trial Court's order.

The appellee, Kimberly Ann King ("Appellee"), has filed a motion to dismiss this appeal due to lack of subject matter jurisdiction resulting from the untimely Notice of Appeal. Appellant filed a response stating that there is no dispute with regard to the date that the Trial Court entered its Final Decree of Divorce or the date Appellant filed the Notice of Appeal with this Court. The Notice of Appeal was filed thirty-one (31) days after entry of the Trial Court's judgment.

However, Appellant argues that the Trial Court's judgment was not effectively entered pursuant to Tenn. R. Civ. P. 58 because the date on the certificate of service was dated prior to entry of the order. Notably, Rule 58 does not state that the certificate demonstrating service of the proposed order must include a date occurring after entry of the order, and Appellant has not presented authority to support that argument. Appellant cites to this Court's Opinion in *Gordon v. Gordon*, No. 03A01-9702-CV-00054, 1997 WL 304114, at *1 (Tenn. Ct. App. June 5, 1997); however, *Gordon* is distinguishable because only the trial judge and counsel for one party signed the judgment and no certificate of service was included in the Trial Court's judgment when it was entered.

In this case, the March 6, 2023 order is signed by the trial judge and counsel for Appellee, and the certificate of service indicates that a "true and exact copy" of the order was served upon counsel for Appellant on February 27, 2023. *See* Tenn. R. Civ. P. 58(2) (providing that entry of a final judgment is effective upon filing with "the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel"). Therefore, the Trial Court's judgment complies with Tenn. R. Civ. P. 58 and was effective upon being filed for entry on March 6, 2023.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Because the Notice of Appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal

is dismissed.  Costs on appeal are taxed to the appellant, Jackie Lee King, Jr., for which execution may issue if necessary.

**PER CURIAM**