IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 21, 2024

**IN RE LACHION W. ET AL.**

**Appeal from the Juvenile Court for Knox County**
**No. 226437          Timothy E. Irwin, Judge**

_____

**No. E2023-01759-COA-R3-PT**
_____

This is an appeal from a final order entered on November 3, 2023. The notice of appeal was not filed with the Appellate Court Clerk until December 8, 2023, more than thirty days after the date of entry of the order from which the appellant is seeking to appeal. Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Christine Dummer, Knoxville, Tennessee, for the appellant, Tiara W.

Jonathan Skrmetti, Attorney General and Reporter, and Jordan K. Crews, Senior Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

**MEMORANDUM OPINION[1]**

The Knox County Juvenile Court ("trial court") entered a final judgment terminating the appellant's parental rights on November 3, 2023. On December 8, 2023, the appellant, Tiara W. ("Appellant"), filed a *pro se* notice of appeal in this case wherein she states that she is seeking to appeal the December 8, 2023 order from the trial court.[2] The notice of

___

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] We note that Appellant states on her notice of appeal that she is appealing the judgment entered on

appeal was presented for filing in person to the Appellate Court Clerk's Office. After the filing of Appellant's notice of appeal, the trial court clerk notified this Court that the notice of appeal was untimely in this case.

Upon our review of the record on appeal, the order terminating Appellant's parental rights was signed by the trial court judge, signed by counsel for the appellee, and included a certificate of service by the appellee's counsel, certifying that the order was served on Appellant in the Knox County Detention Facility and the guardian *ad litem* on November 1, 2023. The trial court's order was then stamped as filed on November 3, 2023. On its face, the order appears to comply with Tennessee Rule of Civil Procedure 58.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This is true even in a termination of parental rights appeal notwithstanding the argument advanced by Appellant in her response to this Court's show cause order. *See, e.g.*, *In re Jayden B.-H.*, No. E2013-00873-COA-R3-PT; 2013 WL 4505389, at * 1 (Tenn. Ct. App., filed Aug. 21, 2013). In addition, as the Advisory Commission's Comments to Tennessee Rule of Appellate Procedure 4(a) state, nothing in the rules of appellate procedure "or any other rule" allows the time for filing a notice of appeal "to be extended beyond the specified 30 days," although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief from the trial court pursuant to Tennessee Rule of Civil Procedure 60.

Determining that the notice of appeal was not filed within thirty days of entry of the final judgment, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed based on lack of subject matter jurisdiction due to the untimely notice of appeal. After having been found indigent and with appointed counsel to represent her, Appellant filed a response to this Court's show cause order. In her response, Appellant stated that she was incarcerated during the entirety of this termination of parental rights proceeding and that she had expected to be transported to court to attend the termination trial.

According to Appellant, she was unable to attend the trial because she was not transported from the detention facility to court as she expected. Appellant states that if she

---

December 8, 2023; however, there is no court order included in the record that was entered on that date.

had been transported to court, she likely would have been appointed counsel to represent her in the termination proceeding, and counsel would have been responsible for timely filing the notice of appeal on behalf of Appellant. According to Appellant, she "was at the mercy of the Juvenile Court staff, the United States Postal Service, and the staff of the Detention Facility to provide her with a copy of the Termination Order and also with the means and opportunity to respond in a timely manner that she intended to appeal the decision of the trial court." As such, Appellant states that "[t]his Court should not deny Appellant the opportunity to argue for her most fundamental constitutional right, the right to parent her children, based upon a deadline that was missed by a mere 5 (five) days due to circumstances that were not within Appellant's control."

Despite Appellant's argument regarding the circumstances of her transportation for the hearing and service of the final judgment, Appellant has not filed a motion pursuant to Rule 60 seeking relief from the trial court's November 3, 2023 judgment. This Court simply does not have the authority to extend the time for filing a notice of appeal, and such failure to timely file a notice of appeal deprives this Court of jurisdiction.

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack subject matter jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Tiara W., for which execution may issue if necessary.

**PER CURIAM**