IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 30, 2024

**JENNIFER A. SEIBER v. DAVID S. SEIBER**

**Appeal from the Chancery Court for Anderson County**
**No. 20CH2368      James W. Brooks, Jr., Chancellor**

_____

**No. E2024-01331-COA-R3-CV**

_____

This is an appeal from a final order entered on July 25, 2024. The notice of appeal was not filed with the Appellate Court Clerk until September 3, 2024, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal. Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Curtis W. Isabell, Clinton, Tennessee, for the appellant, David S Seiber.

Jodi Bernice Loden, Knoxville, Tennessee, for the appellee, Jennifer A Seiber.

**MEMORANDUM OPINION[1]**

The Anderson County Chancery Court ("Trial Court") entered a final judgment on July 25, 2024. On September 3, 2024, the appellant, David S. Seiber ("Appellant"), filed a notice of appeal in this case, in which he states that he is seeking to appeal the August 23, 2023 and July 25, 2024 orders from the Trial Court. The notice of appeal was mailed via regular U.S mail to the Appellate Court Clerk's Office.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Trial Court Clerk notified this Court that the notice of appeal was untimely in this case and provided this Court with a copy of the Trial Court's final order. This Court entered an order directing Appellant to show cause why this appeal should not be dismissed due to lack of jurisdiction resulting from an untimely notice of appeal. Appellant did not file a response to this Court's order. The appellee subsequently filed a motion to dismiss this appeal, in which the appellee requested an award of attorney's fees for a frivolous appeal. Appellant filed a response to the motion to dismiss, acknowledging that he had filed the notice of appeal more than thirty days after the final judgment was entered and that the deadline for filing of notice of appeal could not be extended. However, Appellant objected to the award of attorney's fees, stating that the appeal was not frivolous.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. As this Court did not address the merits of the appeal, in the exercise of our discretion, we decline to award attorney's fees on appeal. Costs on appeal are taxed to the appellant, David S. Seiber, for which execution may issue if necessary.

**PER CURIAM**