IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 23, 2024

### IN RE SHACRYSTA B. ET AL.

**Appeal from the Juvenile Court for Knox County**
**No. 222173      Timothy E. Irwin, Judge**

___

### No. E2024-01071-COA-R3-PT

___

This is an appeal from a final order entered on June 6, 2024.  The notice of appeal was not filed with the Appellate Court Clerk until July 16, 2024, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal.  Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Christine Dummer, Knoxville, Tennessee, for the appellant, Chrissy M.[1]

Jonathan Skrmetti, Attorney General and Reporter, and Jordan K. Crews, Senior Assistant Attorney General, for the appellee, the Tennessee Department of Children's Services.

### MEMORANDUM OPINION[2]

        The Knox County Juvenile Court ("Trial Court") entered a corrected final judgment on June 6, 2024 that terminated the parental rights of the appellant mother, Chrissy M.

___

[1] The appellant mother, Chrissy M., was represented in the trial court proceedings by David Vander Sluis, who was relieved of further representation in the trial court's June 6, 2024 order.  Christine Dummer was subsequently appointed to represent the appellant mother in this appeal on or about August 2, 2024.

[2] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Appellant"). On July 16, 2024, Appellant filed a *pro se* notice of appeal in this case, in which she states that she is seeking to appeal the May 2, 2024 order from the Trial Court.[3] The notice of appeal was presented for filing in person to the Appellate Court Clerk's Office.

Upon receipt of the appellate record and pursuant to Tenn. R. App. P. 13(b), this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal. The appellate record reveals that Appellant's notice of appeal appears to be untimely filed, thus depriving this Court of jurisdiction to consider the appeal. Therefore, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed due to lack of jurisdiction resulting from an untimely notice of appeal. Appellant filed a response to the show cause order stating that Appellant "was directed to the wrong place several times to file the Notice of Appeal" and that she was without the benefit of counsel because her attorney withdrew following the conclusion of the termination of parental rights hearing. Despite Appellant's assertions, Appellant has not requested that this Court remand the matter to the Trial Court to seek relief pursuant to Tennessee Rule of Civil Procedure 60. *See* Tenn. R. App. P. 4(a), Advisory Comm'n Comments ("[I]n appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under Tennessee Rule of Civil Procedure 60.02."); *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997); *In re Jayden B.-H.*, 2013 WL 4505389, at *1 ("The only relief that can be granted to a party who files an untimely notice of appeal must come from the trial court, pursuant to Tennessee Rule of Civil Procedure 60.").

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This is true even in a termination of parental rights appeal where there are fundamental constitutional rights at issue. *See, e.g., In re Jayden B.-H.*, No. E2013-00873-COA-R3-PT; 2013 WL 4505389, * 1 (Tenn. Ct. App. Aug. 21, 2013).

---

[3] We note that Appellant states on her notice of appeal that she is appealing the judgment entered on May 2, 2024; however, there is no court order included in the record that was entered on that date. Instead, it appears that the termination of parental rights hearing concluded on May 2, 2024, and the court order memorializing that hearing was entered on June 6, 2024.

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Chrissy M., for which execution may issue if necessary.

**PER CURIAM**