IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2025 Session

IN RE ELIAS H. ET AL.

**Appeal from the Juvenile Court for Greene County**
**No. 24-J-30805        Kenneth N. Bailey, Jr., Judge**

_____

**No. E2025-01202-COA-R3-PT**

_____

This is an appeal from a final order entered on July 9, 2025. The notice of appeal was not filed with the Appellate Court Clerk until August 11, 2025, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal. Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Catherine Fezell, Greeneville, Tennessee, for the appellant, Samantha A. H.

Jonathan Skrmetti, Attorney General and Reporter, and Allen T. Martin, Assistant Attorney General, for the appellee, the Tennessee Department of Children's Services.

**MEMORANDUM OPINION[1]**

The Greene County Juvenile Court ("Trial Court") entered a final judgment in the underlying termination of parental rights proceeding on July 9, 2025. On August 11, 2025, the appellant, Samantha A. H. ("Appellant"), electronically filed a notice of appeal in this case, in which she states that she is seeking to appeal the July 11, 2025 order from the Trial

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Court. However, there is no court order included in the appellate record transmitted to this Court that was entered on that date. The Order Terminating Parental Rights and Awarding Partial Guardianship and the Motion and Full Guardianship Order were both entered by the Trial Court on July 9, 2025.

Upon receipt of the appellate record and pursuant to Tenn. R. App. P. 13(b), this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal. The appellate record reveals that Appellant's notice of appeal appears to be untimely filed, thus depriving this Court of jurisdiction to consider the appeal. Therefore, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed due to lack of jurisdiction resulting from an untimely notice of appeal. To date, Appellant has not filed a response to this Court's show cause order. We note that after this Court entered its first show cause order and had already stayed the briefing schedule, counsel for Appellant filed a request for extension to file the brief. Thereafter, this Court denied that request as moot, again ordered Appellant to show cause why this appeal should not be dismissed as untimely, and directed the Appellate Court Clerk to send Appellant's counsel copies of the show cause order via certified mail and regular mail.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This is true even in a termination of parental rights appeal. *See, e.g.*, *In re Jayden B.-H.*, No. E2013-00873-COA-R3-PT; 2013 WL 4505389, * 1 (Tenn. Ct. App., filed Aug. 21, 2013).

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Samantha A. H., for which execution may issue if necessary.

**PER CURIAM**