IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 14, 2026 Session

IN RE JACOB E. ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L21239   Tammy M. Harrington, Judge**

———————————————————

**No. E2025-01591-COA-R3-JV**

———————————————————

This is an appeal from a final order entered on March 26, 2024.  The notice of appeal was not filed with the Appellate Court Clerk until October 12, 2025, more than thirty days from the date of entry of the order from which the appellants are seeking to appeal.  Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Scott E., Maryville, Tennessee, Pro Se Appellant.

Sharon E., Richmond, Kentucky, Pro Se Appellant.

Haley N. Jensen, Alcoa, Tennessee, for the appellee, Patricia E.

Jonathan Skrmetti, Attorney General and Reporter, and Katherine P. Adams, Assistant Attorney General, for the appellee, the Tennessee Department of Children's Services.

**MEMORANDUM OPINION[1]**

        The Blount County Circuit Court ("Trial Court") conducted a trial in February 2024 and entered a final judgment on March 26, 2024, making findings of fact and conclusions

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of law that the children were dependent and neglected, that one of the children had been severely abused by the father, and that visitation between the father and the children should be restricted. On October 12, 2025, more than a year later, the appellants, Scott E. and Sharon E. ("Appellants"), filed a *pro se* notice of appeal in this Court, in which Appellants take issue with the Trial Court's "adjudicatory/dispositional order," dated February 26, 2024. We note that the adjudicatory/dispositional hearing order entered by the Trial Court was dated March 26, 2024, not February 26, 2024 as stated in the initiating document. Based on Appellants' description of the order, it appears the order they are intending to appeal is the March 26, 2024 order. Nonetheless, the initiating document in this appeal was filed more than thirty days after entry of the Trial Court's order.

On December 11, 2025, this Court entered an order directing Appellants to show cause why this appeal should not be dismissed due to lack of jurisdiction resulting from an untimely notice of appeal. We note that Appellants filed a response to this Court's show cause order that did not respond to the untimeliness of the notice of appeal but instead sought to "move this Honorable Court to issue an order directing the Appellees and the lower court to show cause within 14 days why the affirmed decision should not be **immediately reversed." The motion cited to Tenn. R. Civ. P. 60.02; however, motions filed pursuant to Rule 60 must be filed in the Trial Court, not this Court.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellants, Scott E. and Sharon E., for which execution may issue if necessary. [2]

**PER CURIAM**

---

[2] We note that the appellant, Scott E., filed a motion to proceed as indigent in this appeal. However, the appellant's alleged indigency does not relieve him from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, the appellant's motion is DENIED as moot.