FILED

03/16/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 11, 2026 Session

**IN RE JARROD ANDERSON**

**Appeal from the Chancery Court for Washington County**
**No. 25-CV-0584      John C. Rambo, Chancellor**

_____

**No. E2025-02096-COA-R3-CV**

_____

This is an appeal from a final order entered on November 3, 2025. The notice of appeal was not provided to the appropriate individual at the correctional facility to mail to the Appellate Court Clerk until December 26, 2025, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal. Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; KRISTI M. DAVIS, J. AND WILLIAM E. PHILLIPS, II, J.

Jarrod L. Anderson, Wartburg, Tennessee, Pro Se Appellant.

**MEMORANDUM OPINION**[1]

The Washington County Chancery Court ("trial court") entered an order on November 3, 2025, denying a petition by the *pro se* appellant, Jarrod Anderson ("Appellant"), to legally change his name. The November 3, 2025 order appears to be a final judgment. Appellant has filed what we construe as a notice of appeal in this case. In his notice, Appellant states that he intends to appeal the trial court's November 3, 2025 order. Upon discovery that Appellant's notice of appeal appeared to be untimely filed, this Court entered an order directing Appellant to show cause why this appeal should not be

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

dismissed for lack of subject matter jurisdiction due to the untimely filing of the notice of appeal.

We note that Appellant is incarcerated. In cases involving a *pro se* inmate, Tennessee Rule of Appellate Procedure 20(g) instructs that a document will be considered timely filed so long as the *pro se* litigant delivered the papers to the appropriate individual at the correctional facility within the time fixed for filing. In such cases where timeliness of the filing is at issue, the burden of proof is on the *pro se* litigant to prove the documents were provided to the proper individual at the correctional facility pursuant to Tennessee Rule of Appellate Procedure 20(g).

In this appeal, the notice of appeal that was received by the Appellate Court Clerk for filing was provided to the proper representative of the correctional facility where Appellant was incarcerated on December 26, 2025, as reflected on the envelope containing the notice of appeal. In the correspondence sent to this Court from Appellant that accompanied the notice of appeal, Appellant states that the "inmate legal aide" prepared two envelopes directing his notices of appeal to the trial court "in accordance with the previous T.R.A.P. Rule 4."[2] Although Appellant states that his notice of appeal was timely sent on November 28, 2025, that notice was apparently sent to the trial court clerk and not the clerk of this Court. The notice of appeal sent to this Court was not timely provided to the proper representative in the correctional facility.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Appellant asks this Court to accept his delayed notice of appeal and allow the appeal to proceed in the interests of justice. However, we are not permitted to waive the untimely filing of a notice of appeal in civil cases. *See* Tenn. R. Civ. P. 4(a). Additionally, Appellant has requested relief from this Court pursuant to Tennessee Rule of Civil Procedure 60.02. The Tennessee Rules of Civil Procedure are not applicable to this Court. Such relief must

---

[2] Appellant alleges that he mistakenly sent the notice of appeal to the trial court clerk instead of this Court as required by Tennessee Rule of Appellate Procedure 4. Although the 2017 amendment to Rule 4 included a transitional provision for parties who mistakenly file their notice of appeal with the trial court clerk, that provision expired in June 2018.

be sought from the trial court, not this Court. This Court simply does not have the authority to extend the time for filing a notice of appeal with this Court, and such failure to timely file a notice of appeal deprives this Court of jurisdiction.

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Jarrod Anderson, for which execution may issue if necessary. [3]

**PER CURIAM**

---

[3]We note that Appellant filed a motion to proceed as indigent in this appeal. However, Appellant's alleged indigency does not relieve him from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, Appellant's motion is DENIED as moot.